IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DESMOND TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUDGE MICHAEL SMITH, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 09-3009 MMC (PR) <br><br> **ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

On July 6, 2009, plaintiff, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In his complaint, plaintiff sets forth the following four claims: (1) Michael Smith, the judge who presided over plaintiff's death penalty trial in the San Bernardino County Superior Court, allowed perjured testimony to be presented at the trial; (2) an "unknown Navy Officer" in Lemoore, California, unlawfully took plaintiff's "medical discharge and property"; (3) Gregory P. Novac, an attorney in Phoenix, Arizona, did not give plaintiff legal advice that plaintiff requested; and (4) an "unknown prison guard" at San Quentin State Prison assaulted plaintiff while plaintiff was in restraints. (Compl. at 3-5.) Plaintiff seeks millions of dollars in damages from each defendant. (Id. at 6.)

Plaintiff's first three claims will be dismissed from the instant action because they are not properly brought in the Northern District of California. Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

Plaintiff's claim against Judge Michael Smith arises out of acts allegedly committed in San Bernardino County; consequently, venue is proper in the Central District of California. 28 U.S.C. § 84(c). Plaintiff's claim against an unknown officer in Lemoore, California, arises out of acts allegedly committed in Kings County; consequently venue is proper in the

2

1 Eastern District of California. 28 U.S.C. § 84(b). Plaintiff's claim against attorney Gregory
2 P. Novac arises out of acts allegedly committed in Phoenix, Arizona; consequently, venue is
3 proper in the District of Arizona. 28 U.S.C. § 82. Accordingly, the above-three claims will
4 be dismissed, without prejudice to plaintiff's refiling them in separate complaints filed in the
5 proper district court.

6 Plaintiff's fourth claim also is subject to dismissal as plaintiff has failed to provide
7 sufficient information for the Court to determine whether a cognizable claim for relief is
8 stated. In particular, plaintiff has provided neither the name of the alleged prison guard
9 allegedly responsible for plaintiff's injuries, nor the date on which the injuries occurred or
10 the surrounding circumstances. Without such information, plaintiff's claim cannot proceed
11 and the complaint is subject to dismissal. Plaintiff may, however, file an amended complaint
12 if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted
13 above.

## CONCLUSION

15 For the reasons stated above, the Court orders as follows:

16 1. Plaintiff's claims against Michael Smith, an unknown officer in Lemoore,
17 California, and Gregory P. Novac are hereby DISMISSED without prejudice to plaintiff's
18 raising such claims in new complaints filed in the proper district court.

19 2. Plaintiff's claim against an unknown prison guard at San Quentin State Prison is
20 hereby DISMISSED with leave to amend. Within **thirty (30)** days of the date this Order is
21 filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights**
22 **complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted
23 above. Plaintiff shall complete the form, and include in the caption both the case number of
24 this action, No. C 09-3009 MMC (PR), and the phrase "AMENDED COMPLAINT."

25 An amended complaint supersedes the initial complaint and may not incorporate by
26 reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811,
27 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer
28 defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern

3

actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: January 13, 2010

_____
MAXINE M. CHESNEY
United States District Judge