IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DESMOND TAYLOR,   ) | No. C 09-3009 MMC (PR) |
| ) | |
| Plaintiff,   ) | **ORDER OF DISMISSAL** |
| ) | |
| v.   ) | |
| ) | |
| JUDGE MICHAEL SMITH, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

On July 6, 2009, plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Upon initial review of the complaint, the Court dismissed three of the four claims raised by plaintiff. As to the fourth claim, the Court found plaintiff failed to provide sufficient information for the Court to determine whether a cognizable claim for relief was stated, as plaintiff alleged therein he had been assaulted at SQSP by an "unknown prison guard" (see Compl. at 4); plaintiff did not provide the name of the individual who allegedly committed the assault, nor did he allege the date on which such injury occurred or the surrounding circumstances. Consequently, the Court dismissed the complaint with leave to amend as to said claim. Thereafter, plaintiff timely filed an amended complaint ("AC").

Having reviewed the allegations in the AC, the Court, for the reasons stated below,

1 concludes the instant action must be dismissed.

2 As an initial matter, the Court finds the AC is subject to dismissal because plaintiff 3 has not provided therein sufficient information for his claim to go forward.  Specifically, 4 plaintiff alleges that "around June 2007," while plaintiff was being escorted either "to the 5 hospital or hole," plaintiff was assaulted by two unknown officers.  (AC at 3:10-21.)  6 Plaintiff states the information about the responsible guards might be documented in "files" 7 or plaintiff's records, the latter of which the guards allegedly lost.  (Id.)  While the AC 8 provides new information with respect to the circumstances surrounding the alleged assault, 9 plaintiff cannot proceed thereon as plaintiff still has not identified by name the guards 10 allegedly responsible for assaulting him, nor has he provided sufficient information with 11 respect to the date on which such assault occurred.  The Court cannot investigate plaintiff's 12 claim or otherwise provide plaintiff with the information he needs to prosecute his claim.  13 Consequently, as it appears plaintiff currently is unable to provide information necessary for 14 the instant matter to proceed, the AC will be dismissed without prejudice to plaintiff's filing 15 a new action should he be able to obtain the names of the guards who allegedly assaulted him 16 and the approximate date on which the incident occurred.

17 Additionally, the AC is subject to dismissal because plaintiff did not exhaust his 18 administrative remedies before filing suit.  The Prison Litigation Reform Act of 1995, Pub. 19 L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with 20 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner 21 confined in any jail, prison, or other correctional facility until such administrative remedies 22 as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion under § 1997(e)(a) is 23 mandatory and not left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 24 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, 25 whether such actions involve general conditions or particular episodes, whether they allege 26 excessive force or some other wrong, and even if they seek relief not available in grievance 27 proceedings, such as money damages.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  An action 28 must be dismissed unless the prisoner exhausted his available administrative remedies before

2

he filed suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if such failure is obvious from the face of the complaint and/or any attached exhibits, see Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), or where the prisoner has "conceded nonexhaustion" and "no exception to exhaustion applies," id. at 1120.

Here, the Court finds it is obvious from the face of the AC that plaintiff did not exhaust his administrative remedies prior to filing the instant action, and that no exception to the exhaustion requirement applies to plaintiff's claim. Specifically, in the form complaint used by plaintiff to file the AC, there is a section requiring the party filing the action to provide information with respect to the exhaustion of administrative remedies, and plaintiff, in response to the question "Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?" checked "No." (AC at 1:(I)(B).) Contrary to plaintiff's assertion, however, each prison in California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15 ("CCR"), § 3084.1(a).[1] Further, as noted, plaintiff's allegations in the AC reflect his lack of knowledge as to basic facts concerning his claim, in particular, the names of the guards who are alleged to have assaulted him and the date on which the incident occurred; such information is precisely the type of information that ordinarily would be discovered during the administrative grievance process.

Section 42 U.S.C. § 1997e(a) requires a prisoner-plaintiff to present his claims to each available level of administrative review before raising those claims in a § 1983 complaint in

---

[1] In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal level appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. See CCR § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

federal court.  As it is clear from the complaint that plaintiff has not exhausted his administrative remedies, and there is no applicable exception to the exhaustion requirement, the complaint, for such additional reason, is subject to dismissal without prejudice.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim in a new action after he has developed sufficient facts for his claim to proceed, and after all available administrative remedies have been exhausted.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 15, 2010

MAXINE M. CHESNEY
United States District Judge